IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| COY PHELPS, | : | |
| Plaintiff, | : | Case No. 3:12cv00344 |
| vs. | : | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| RION MACCONNELL, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

This matter is before the Court upon Plaintiff's *pro se* Complaint (Doc. #1), his Motion for Temporary Injunction Order (Doc. #2), his Motion For Replevin Order (Doc. #3), his Motion under Promissory Estoppel Doctrine To Compel The Defendants To Provide Promised Services (Doc. #4), and the record as a whole. Plaintiff states in his Complaint that he is incarcerated in the Federal Medical Center in Devens, Massachusetts, and he alleges that he is under an "unconvicted and unaccused civil commitment [Order]." (Doc. #1, PageID at 20). The Complaint asserts jurisdiction based on the parties' diverse citizenship. Plaintiff maintains that Defendant U.S. Mint Green Ltd. is incorporated in Ohio and that the remaining Defendants are U.S. Mint Green members who are domiciled and live in Ohio.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff alleges, "The members of U.S. Mint Green act together to promote, benefit, and to expand the economics and the affairs of U.S. Mint Green Ltd." (Doc. #1, PageID at 47).

## II.     Plaintiff's Pro Se Complaint

Plaintiff's Complaint asserts numerous claims including, for example, claims under the Racketeering Influence and Corrupt Organization Act, breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent inducement, conversion, negligent and intentional infliction of emotional distress, loss of opportunity or chance to run for and hold elected office, and copyright infringement.

Plaintiff was the "pastor of a politically incorrect Christian church that was incorporated in California." (Doc. #1, PageID at 23). Before his incarceration, he proselytized antisemitic views "by radio broadcasts, by a monthly magazine..., lectures in various homes, in public libraries, in churches, in some schools, and by the traditional leaflets and flyers." *Id*.

Plaintiff explains that one of his present goals is getting his book "LORD NAZI" published and thus secure his release from incarceration by arousing the public to take political action against the judges who have ruled against him over the years. He states, "The only method available [to accomplish this] was to campaign for public office on a radical platform that would gain public attention and stir controversy...." *Id*., PageID at 34.

Plaintiff also seeks, in part, an award of restitution in the amount of $2,100.00; compensatory and punitive damages in the amount of "ten million tax free dollars"; "injunctive relief, replevin relief, and promissory estoppel remedy." *Id*., PageID at 58.

**III.     Motion for Preliminary Injunction**

Plaintiff argues that he is entitled to a preliminary injunction is under Fed. R. Civ. P. 65 along with several federal and state statutes – e.g., 15 U.S.C. §1116(a) and Ohio's Consumer Sales Protection Act and Unfair and Deceptive Trade Practices Act – and certain sections of the Restatements of Torts (Second) and Contracts (Second).[2] *See* Doc. #2, PageID at 187. He alleges that he paid Defendants over $2,000 to perform many services; in exchange, Defendants promised to have his book manuscript re-typed on a computer, to make a disc of the book, to obtain a copyright on the book and disk, to get the book published on amazon.com, and to mail the book and disk to a person he designates. (Doc. #2, PageID at 188). Plaintiff further alleges that although he paid Defendants the money required to perform these services, Defendants have not provide any of the services. "Plaintiff alleges irreparable harm, absent a preliminary injunction preventing the defendants from distributing his work under their own name, and their continuation of the fraud undermines the benefits obtainable for the plaintiff." *Id.*, PageID at 188-89.

The Court considers four factors to resolve a motion for preliminary injunction:

> (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Jones v. City of Monroe, MI*, 341 F.3d 474, 476 (6th Cir. 2003) (citing *Nightclubs, Inc. v.*

---

[2] Although Plaintiff titles his Motion as one for "Temporary Injunctive Relief," the specific relief he seeks in his Motion is a preliminary injunction. (Doc. #2, PageID at 187).

*City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000)(other citation omitted). These four considerations "are factors to be balanced, not prerequisites that must be met. Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones*, 341 F.3d at 475 (citing, in part, *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). "[T]he purpose of a preliminary injunction, in contrast to one that is final, 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)(quoting *University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981)).

      Plaintiff argues that in First Amendment cases, the preliminary-injunction factors need not be weighed or balanced and that the first factor is, by itself, often determinative. He further contends that if the first preliminary-injunction factor is established, "so too is the second factor." (Doc. #2, PageID at 189). Plaintiff argues that irreparable harm is presumed in the instant due to Defendants' First Amendment violations and Defendants' copyright infringement. His contentions lack merit.

      Plaintiff has not shown a substantial likelihood of success on his First Amendment claim. "[I]t is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769 (1982). Plaintiff's First Amendment claims concern acts

4

allegedly committed by private individuals or a private entity, Defendant U.S. Mint Green Ltd. Given Defendants' private status, Plaintiff has not shown a substantial likelihood of success on his claim that they violated his First Amendment rights. Additionally, because Defendants' private status points to a glaring legal deficiency in Plaintiff's First Amendment claim, *see id*., he has also not shown either that he will likely suffer an irreparable First Amendment injury absent a preliminary injunction, *see Winter v. Natural Resource Defense Council, Inc*., 555 U.S. 7, 22, 129 S.Ct. 365, 375-76 (2008)(a plaintiff seeking a preliminary injunction must show "that irreparable injury is *likely* in the absence of an injunction" (italics in original)), or that any of the remaining factors exist or balance in favor of issuing the preliminary injunction Plaintiff seeks.

Turning to Plaintiff's claim that Defendants violated the Copyright Act, he contends that irreparable harm is "presumed by the defendants['] copyright infringement." (Doc. #2, PageID at 190). The Copyright Act, while specifically authorizing district courts to grant preliminary injunctions, does not require such action to be taken upon any showing; rather, it leaves the provision and nature of injunctive relief to the court's sound discretion ...." *Cannon Grp. Inc. v. Better Bags Inc*., 2001 WL 36088544 at *2 (S.D. Ohio Sept. 19, 2001) (quoting, in part, 17 U.S.C. § 502(a) (district courts "*may* ... grant temporary and final injunctions."). "[W]hen determining whether to issue a preliminary injunction in a copyright infringement action, the district court should consider all four of the standard factors, with an allowance of a rebuttable presumption of irreparable harm to the movant once the movant makes a showing of a strong likelihood of success on the merits." *Cannon Grp. Inc*., 2001

WL 36088544 at *2 (citing *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 262, 267 (6th Cir. 1988)). Plaintiff's Motion fails to make a showing of a strong likelihood of success on the merits of his copyright infringement claim. His Motion merely re-alleges certain facts set forth in his Complaint against all "defendants." However, one Defendant, Rita McConnell, has filed a Motion to Dismiss and has thus created a present dispute in the record over whether Plaintiff's Complaint states a "plausible" claim against her. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S.Ct.1937, 1949 (2009). Because presently unresolved issues exist regarding whether Defendant Rita McConnell's Motion to Dismiss should be granted, Plaintiff has not shown that a strong likelihood of success on the merits of his copyright claim against all defendants.

Plaintiff's Motion, moreover, does not provide any copyright number applicable to his alleged copyrighted materials. Without this information, he has not shown that he owns a copyright, let alone a valid copyright. *See Feist Publ'ns, Inc. v. Rural Tel Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282 (1992). Plaintiff's Motion also neglects to identify any copyright number obtained by Defendants for themselves, rather than in Plaintiff's name, for the domain names and websites he wants. Plaintiff's Motion thus fails to show that he has a strong likelihood of success in proving that Defendants violated the Copyright Act.

Next, Plaintiff seeks a preliminary injunction on his claims under the Ohio Consumer Sales Practices Act and Unfair and Deceptive Trade Practices Act, Ohio Rev. Code §§ 1345.09(D), 5165.01, *et seq*. Plaintiff's Motion fails to offer specific information about how Defendants violated these Ohio laws. Because of this and because there are many theories

and supporting elements of such potential claims, *see, e.g.,* Ohio Rev. Code §1345.02(A), (B)(1)-(10), Plaintiff has not shown a substantial likelihood of success on the merits of these claims. Plaintiff, moreover, has not shown that any harm he has incurred or might incur from violations of these state statute is irreparable. If Defendants have violated these state statutes, Plaintiff will be entitled to monetary damages that are readily calculable. *See, e.g.*, Ohio Rev. Code §1345.09; *Charvat v. NMP, LLC*, 656 F.3d 440, 451-52 (6th Cir. 2011).

Lastly, to the extent Plaintiff seeks a preliminary injunction based on the Restatement Second of Torts and Contracts, such secondary sources by themselves create no substantive legal rights and are at best an instructive legal resource. These Restatements thus provide no basis for issuing preliminary-injunctive relief in Plaintiff's favor.

Accordingly, for all the above reasons, Plaintiff's Motion for Preliminary Injunction lacks merit.

### IV. Remaining Motions

Plaintiff's Motion for Replevin contends that Defendants are in actual possession of the manuscript he wrote and lawfully owns, along with other materials that he lawfully owns. Plaintiff alleges that Defendants have refused to return his manuscript and materials and are depriving him of his right to possess his property. He thus concludes that he is entitled to a replevin Order under Ohio law, including Ohio Rev. Code §2737.14.

One of the cases Plaintiff relies on explains, "Replevin is a 'prejudgment remedy which the plaintiff must affirmatively pursue prior to the entry of final judgment.' Replevin is available only if specific procedures are followed." *Globe Auto Ctr. v. A-Tech Automotive*

Case: 3:12-cv-00344-TMR-SLO Doc #: 22 Filed: 08/06/13 Page: 8 of 10 PAGEID #: 354

*Repair*, No. 2009-P-0026, 2009 WL 2005354 at *1 (Ohio Ct. App., July 10, 2009)(quoting, in part, *America Rents v. Crawley*, 77 Ohio App.3d 801, 804 (1991)). Plaintiff's Motion does not comply with the specific features required by Ohio's replevin statutes. The most significant omission is that Plaintiff did not attach an affidavit to his Motion containing the specific information mandated by Ohio Rev. Code §§2737.03(A)-(G). His detailed affidavit is essential in this case in light of Defendants' Answers to his Complaint. Defendant U.S. Mint Green alleges, for example, that it has mailed Plaintiff's materials to him, adding, "[i]t ... appears that the material was of such a nature that it was prohibited and was not delivered to him by the prison authorities." (Doc. #10, PageID at 233). Given such allegations, the record presently suggests the existence of disputed facts concerning where Plaintiff's materials are at this time and whether Defendants are exercising unauthorized control over them. Given such a dispute, Plaintiff must comply with Ohio's replevin procedures, most notably the affidavit requirement. *See* Ohio Rev. Code §§2737.03. Additionally, the specific statute, Ohio Rev. Code §2737.14, upon which Plaintiff relies applies to final judgments. His reliance on this statute is therefore premature. *See id.*

  Lastly, Plaintiff's Motion under Promissory Estoppel seeks to compel Defendants to comply with the terms of the parties' unwritten contract, as Plaintiff describes it, by providing numerous services Defendants allegedly agreed to perform. Plaintiff's Motion contends that all the elements of promissory estoppel "have been satisfied." (Doc. #4, PageID at 199). He, however, supports this conclusion with his version of some events alleged in his Complaint. Because Defendants' dispute at least some of Plaintiff's

8

allegations, *see, e.g.,* Doc. #10, he has not established that he is entitled to Judgment on his promissory estoppel theory, and his Motion under Promissory Estoppel is, therefore, premature. *See Executone of Columbus, Inc. v. Inter-Tel, Inc.*, 665 F.Supp.2d 899, 921 (S.D. Ohio 2009)("The determination of whether a party has established the reliance element of a promissory estoppel claim is 'generally [a] question[ ] of fact for a jury to resolve.' Courts have recognized, however, that the reliance element of a promissory estoppel claim can properly be adjudicated in summary judgment proceedings where the claimant has failed to present evidence of reliance.")(citations omitted)).

Accordingly, Plaintiff's Motion for replevin and Motion Under Promissory Estoppel lack merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for Temporary Injunction Order (Doc. #2) be DENIED;

2. Plaintiff's Motion for Replevin Order (Doc. #3) be DENIED; and

3. Plaintiff's Motion under Promissory Estoppel Doctrine To Compel The Defendants To Provide Promised Services (Doc. #4) be DENIED.

August 6, 2013

                                                      s/Sharon L. Ovington
                                                        Sharon L. Ovington
                                      Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).