IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| COY PHELPS, | : | |
| Plaintiff, | : | Case No. 3:12cv00344 |
| vs. | : | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| RION MACCONNELL, *et al*., | : | |
| Defendants. | : | |

# DECISION AND ENTRY

This matter is before the Court Plaintiff's Motion for Court to Compel Discovery or in the Alternative Motion for Default Judgment (Doc. #38), Plaintiff's Motion for Default Judgment (Doc. #43), Plaintiff's Supplemental Motion for Default Judgment (Doc. #44), Defendant MacConnell's Answer to Plaintiff's Motion for Default Judgment (Doc. #45), Plaintiff's Response (Doc. #46), Defendant MacConnell's Motion to Supplement the Record (Doc. #47), and the record as a whole.

Plaintiff's initial Motion for Court to Compel Discovery seeks responses to his Interrogatories, Requests for Admissions, and Requests for Production of Documents. (Doc. #39, PageID at 423-24, 428-53).

On March 5, 2014, the Court ordered "that, **on or before March 18, 2014**, Defendant MacConnell shall either provide the requested discovery responses to Plaintiff or file a

Memorandum setting forth his grounds for opposing Plaintiff's Motion to Compel." (Doc. #41) (emphasis in original).

Sometime later, Defendant MacConnell's counsel learned that he had not been receiving information regarding this case. When he went to the Clerk of Court's office on April 7, 2014, he learned that his email address of record was incorrect. After resolving this problem, Defendant MacConnell's counsel filed his Answer to Plaintiff's Motion for Default Judgment. (Doc. #45). Meanwhile, Defendant MacConnell's counsel had provided Plaintiff with responses to his discovery requests.

Plaintiff recognizes that he has now received Defendant MacConnell's discovery responses. Yet Plaintiff maintains that he is entitled to Default Judgment because Defendant MacConnell did not timely respond to the Court's Order and because Defendant MacConnell's discovery responses are insufficient.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides numerous possible sanctions when a party fails to obey a discovery order. Although the possible sanctions include "rendering default judgment against the disobedient party," Fed. R. Civ. P. 37(b)(2)(A)(vi), this is a "'sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault'...." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (quoting *Regional Refuse Sys. v. Inland Reclamation Co.,* 842 F.2d 150, 153-54 (6th Cir. 1988)). A decision to sanction also considers additional factors including "'whether the adversary was prejudiced by the ... [defaulting] party's failure to cooperate in discovery,

<mark>2</mark>

whether the ... [defaulting] party was warned that failure to cooperate could lead to dismissal [or default], and whether less drastic sanctions were imposed or considered before ... [default] was ordered.'" *Bank One*, 916 F.2d at 1073 (brackets in *Bank One*) (quoting *Regional Refuse,* 842 F.2d at 155).

Plaintiff has not demonstrated that Defendant MacConnell engaged in willful misconduct or failed to cooperate during discovery in bad faith. The record instead reveals that once Defendant MacConnell's counsel learned he was not receiving information about this case, he investigated, found an email-address problem, and corrected the problem. Defendant MacConnell's counsel also provided responses to Plaintiff's discovery requests. *See* Doc. #44, PageID at 474-83. Plaintiff emphasizes that those discovery responses were not provided by May 18, 2014, as the Court ordered. Yet, assuming this is so, Plaintiff has not shown that he has suffered any resulting prejudice. And, contrary to Plaintiff's view, those discovery responses were sufficient under Fed. R. Civ. P. 33, 34, and 36.

Imposition of default judgment on Defendant MacConnell is unwarranted for two additional reasons: He has not been previously warned that default judgment could be imposed due to his purported failure to cooperate in discovery; and sanctions less drastic than default judgment have not been previously imposed upon him due to discovery misconduct. *See Bank One*, 916 F.2d at 1073. Given these circumstances, if the Court were to impose default judgment against Defendant MacConnell, it would be an improper sanction of <u>first</u> resort, rather than a proper sanction of last resort. *See id*.; *see also Regional Refuse,* 842 F.2d at 154-55.

Accordingly, Plaintiff's motions (Doc. #s 38, 43, 44) lack merit.

Lastly, Defendant MacConnell's Motion to Supplement the record with his Discovery Responses (Doc. #47) is well taken because Plaintiff argues that those responses are insufficient and because Plaintiff has also submitted some of those responses into the record, *see* Doc. #44 (attached Exhibits).

## IT IS THEREFORE ORDERED THAT:

1. Defendant MacConnell's Motion to Supplement the Record (Doc. #47) is GRANTED, and Defendant MacConnell's discovery responses are accepted as filed; and

2. Plaintiffs' Motion for Court to Compel Discovery or in the Alternative Motion for Default Judgment (Doc. #38) and Plaintiff's Motion for Default Judgment (Doc. #43) and Plaintiff's Supplemental Motion for Default Judgment (Doc. #44) are DENIED.

May 16, 2014

                                              s/Sharon L. Ovington
                                                   Sharon L. Ovington
                                      Chief United States Magistrate Judge